**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Franklin Cook, III, | No. CV-18-03592-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Sydney Davis, | |
| Defendant. | |

Before the Court is Defendant Sydney Davis's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) (Doc. 21). Plaintiff Benjamin-Franklin Cook III ("Mr. Cook") filed a document titled "Motion for Reconsideration," which the Court construes as his Response to the Motion to Dismiss (Doc. 22), and Ms. Davis filed a Reply (Doc. 23).

## I.  BACKGROUND

Mr. Cook filed his "Complaint of Federal Question Pursuant to 28 USC 1331 [sic]; 48 CFR CH/1, 53, 228 Demand for Proof of Subject-Matter Jurisdiction" on October 30, 2018. (Doc 1 at 1). Mr. Cook's 116-page Complaint is often difficult to understand, but it appears that he is challenging the state court's jurisdiction over his prior state criminal conviction. In 2000, Mr. Cook was charged with felony theft in the Arizona Superior Court, Maricopa County, and Ms. Davis was the prosecutor assigned to his case. *See State of Arizona v. Benjamin Franklin Cook, III*, CR2000-013042 (Ariz. Super. Ct.). On September 25, 2001, Mr. Cook challenged the state court's jurisdiction by filing a "Verified

Notice of Objection to Proceeding in the Complete Absence of Jurisdiction." (Doc. 21-1 at 4-12). On October 12, 2001, the state court denied Mr. Cook's jurisdictional challenge. (*Id.* at 15). On April 16, 2003, Mr. Cook entered into a plea agreement in which he pled guilty to three counts of theft. (*Id.* at 20-21). On June 27, 2003, the Arizona Superior Court entered its Judgment finding Mr. Cook guilty of three counts of theft and sentencing him to prison. (*Id.* at 25-29). Mr. Cook now asks this Court to void his state court conviction because he alleges that the state court did not have subject matter jurisdiction over the criminal action. (Doc. 1).

## II. DISCUSSION

In her Motion to Dismiss, Ms. Davis argues that Mr. Cook has failed to allege a claim arising under federal law. (Doc. 21 at 1). The Court agrees. "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Mason v. Arizona*, 260 F. Supp. 2d 807, 814 (D. Ariz. 2003) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). "Federal courts are courts of limited jurisdiction . . . [so] [i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In effect, the Court presumes lack of jurisdiction until the plaintiff proves otherwise." *Mason,* 260 F. Supp. 2d at 815.

Mr. Cook argues that he "has challenged the Jurisdiction [sic] of the trial court in [his state court criminal action] under a Federal Question Jurisdiction [sic]" but he does not cite any federal statute or regulation that relate to his claims. (Doc. 22 at 4). Mr. Cook does cite "48 C.F.R. Ch. 1, 53, & 228," but he does not explain how those federal regulations form a basis for federal question jurisdiction for this action. The Court notes that Chapter 1 establishes procedures for acquisition of goods and services by federal agencies, Chapter 53 sets out procurement procedures for acquisitions by the U.S. Air Force, and Chapter 228 sets out regulations for insurance bonds required by the Department of Defense for its contracting vendors. Mr. Cook's Complaint contains no allegations that fall under 48 C.F.R. Ch. 1, 53, or 228. It is not enough for Mr. Cook to simply cite federal

regulations, he must relate the facts of his claims to the regulations cited, which he has not done here. Specifically, Mr. Cook's Complaint fails to cite a federal statute that relates to his challenge of state court jurisdiction over his 2003 criminal conviction. Thus, the Court finds it does not have subject matter jurisdiction over this matter.

Accordingly,

**IT IS ORDERED** that Ms. Davis's Motion to Dismiss (Doc. 21) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Rule 16 Scheduling Conference set for April 19, 2019, at 10:00 AM is **VACATED**; and

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to terminate this action.

Dated this 12th day of April, 2019.

Honorable Diane J. Humetewa
United States District Judge